RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

PAUL T. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-514-1170 (v)
202-307-0054 (f)
Paul.T.Butler@usdoj.gov

Of Counsel:
BOB TROYER
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| STEPHEN THOMAS BROWN, JR., | ) |
| | ) |
| | ) |
| Defendant. | ) |

Plaintiff, the United States of America, with the authorization of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States, brings this action to collect from the defendant outstanding civil penalties (31 U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, which were assessed against Stephen Thomas Brown, Jr., for his failure to timely report his financial interest in, and/or his signatory or other authority over, foreign bank accounts for the 2008 and 2009 calendar years, as

Complaint
(Case No. )

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest, having a total balance due to the United States of America of $218,396.69 as of June 8, 2018.  In support of this action, the United States alleges as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355(a).
2. At all times relevant to the matters at issue, Defendant Stephen Thomas Brown, Jr. ("Mr. Brown Jr.") was a United States citizen and remains a United States citizen.
3. Mr. Brown Jr. is currently a resident of Fort Collins, Colorado.
4. Venue is proper under 28 U.S.C. § 1391.
5. The United States of America brings this action pursuant to the authorization of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.
6. This civil action to collect the FBAR Penalty, and the associated penalties and interest, is timely under 31 U.S.C. § 5321(b)(2), because it is filed within two years of the date on which the 2008 FBAR Penalty and the 2009 FBAR Penalty were assessed, June 23, 2016.

## Background Regarding Stephen T. Brown, Jr.

7. Mr. Brown Jr. was born in the state of Pennsylvania in 1958 to Stephen Thomas Brown Sr. and his first wife.

Complaint
(Case No. )

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

8. Mr. Brown Jr.'s father is Stephen Thomas Brown, Sr. ("Mr. Brown Sr."), who was born in Pennsylvania in 1936 and currently resides in Fort Collins, Colorado.

9. Mr. Brown Jr. has a step-mother, Margie Garrigues Brown ("Ms. Brown"), who married Mr. Brown Sr. in 1995.

## Regulatory Background

10. The Regulations implementing the FBAR statute, 31 USC § 5314, were renumbered effective March 28, 2011 with respect to all reports due for foreign financial accounts maintained in calendar year 2010 and later. The updated regulations may be found at 31 CFR §§ 1010.300 et. seq. Prior to renumbering, the regulations effective for the years at issue herein were found at 31 C.F.R. § 103.24, 31 C.F.R. § 103.27, and 31 C.F.R. § 103.32.

11. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 103.24.

12. To fulfill this requirement, a person must file a Form TDF 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the year at issue, the FBAR was due no later than June 30 of the following calendar year. 31 C.F.R. § 103.27(c).

Complaint
(Case No. )

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

13. 31 U.S.C. § 5321(a)(5) authorizes the imposition of civil penalties for a willful failure to comply with the reporting requirements of 26 U.S.C. § 5314. Specifically, section 5321(a)(5)(C) provides for a penalty in the amount of the greater of $100,000 or 50% of the balance in the account at the time of the violation.

14. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties under 31 U.S.C. § 3717.

**Background Regarding the Brown Family's Interests in Foreign Accounts and Disguised Ownership of Foreign Entities**

15. In February of 1982, Mr. Brown Sr. incorporated Matrix Investment Corporation ("Matrix") in Fort Collins, CO.

16. Matrix is an aluminum company that extracts, processes, and sells aluminum and aluminum products through retail outlets and through their catalog.

17. Matrix is/was the parent corporation for several entities located in El Salvador and throughout Central America that were involved in the manufacturing and processing of aluminum and aluminum products including but not limited to Esteban Café, S.A. de C.V. ("Esteban Café" which translates to "Stephen Brown" in English), and its subsidiaries, Aldeca, Alumicentro S.A., Maderas y Metales S.A., Alumicentro de El Salvador, S.A., Alumicentro de Costa Rica, S.A., Alumicentro de Guatemala, S.A., Alumicentro de Nicaragua, S.A., and Alumicentro de Panama, S.A.

Complaint
(Case No. )

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

18. Mr. Brown Sr. owned 56.88% of Matrix and Mr. Brown Jr. owned the remaining 43.12%.

19. Mr. Brown Jr. is an officer of Matrix and of the related Central American entities.

20. On August 11, 2003, Beeston Limited ("Beeston") was incorporated in the Isle of Man.

21. Beeston was incorporated for Mr. Brown Sr. and Mr. Brown Jr. in order to appoint nominee shareholders to hold all of the issued shares of Beeston in trust and as nominees for Mr. Brown, Sr. and Mr. Brown, Jr.

22. Beeston was to accept receipt of and otherwise acquire the assets beneficially owned by Mr. Brown Sr. and Mr. Brown Jr.

23. Assets so acquired were legally titled in the name of Beeston but solely as the nominee and agent for Mr. Brown Sr. and Mr. Brown Jr., who retained at all times beneficial interest and equitable ownership of such assets in the respective percentages of 56.88% and 43.12%.

24. In November and December of 2004, Mr. Brown Jr. caused a wire transfer of more than $1,000,000 to be effectuated to deposit a total of more than $2,000,000 into an account in the name of Beeston at the Bank of Scotland.

25. On January 26, 2005 Rushdene Limited ("Rushdene") was incorporated in the Isle of Man.

26. On June 16, 2005, Bayer Limited ("Bayer") was incorporated in the Isle of Man.

27. On June 16, 2005, the director and secretary of Ridgeway Nominees Limited ("Ridgeway") signed a Declaration of Trust in which Ridgeway declared that it held one share of Rushdene as the nominee and trustee for Bayer as the owner of

Complaint
(Case No. )

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

|   |   |   |
|---|---|---|
| 1 |  | Rushdene, and would act only in accordance with and at the direction of the |
| 2 |  | owner. |
| 3 | 28. | On June 16, 2005, the same director and secretary of Ridgeway signed a second |
| 4 |  | Declaration of Trust in which Ridgeway declared that it held an interest in Bayer |
| 5 |  | as the nominee and trustee for Mr. Brown Jr. and Mr. Brown Sr., the principals of |
| 6 |  | Bayer, and would act only in accordance with and at the direction of the |
| 7 |  | principals. |
| 8 | 29. | On July 29, 2005, Matrix purported to sell Esteban Café to Rushdene for $8 |
| 9 |  | million, with Mr. Brown Sr., Mr. Brown Jr., and Ms. Brown signing purported |
| 10 |  | documents effectuating the sale on behalf of Matrix, Mr. Brown Jr. signing on |
| 11 |  | behalf of Esteban Café, and one of the nominees signing on behalf of Rushdene. |
| 12 | 30. | On July 29, 2007 Mr. Brown Sr. executed a "Letter of Wishes" appointing, upon |
| 13 |  | his death, Ms. Brown as the successor in interest to the proceeds held in trust on |
| 14 |  | his behalf by Rushdene and Bayer and naming Mr. Brown Jr. as the successor in |
| 15 |  | interest in the event that Ms. Brown predeceases Mr. Brown Sr. |
| 16 | 31. | On July 29, 2007 Mr. Brown Jr. executed a "Letter of Wishes" appointing, upon |
| 17 |  | his death, Mr. Brown Sr. as the successor in interest to the proceeds held in trust |
| 18 |  | on his behalf by Rushdene and Bayer. |
| 19 | 32. | On August 24, 2007, Rushdene purported to enter into separate, vague |
| 20 |  | consultancy agreements with Mr. Brown Sr. and Mr. Brown Jr., which allegedly |
| 21 |  | hired the Browns as independent contractor-consultants on an "as-needed" basis |
| 22 |  | for two years. |

Complaint
(Case No. )

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

33. In 2008 Ms. Brown sent at least two invoices each in the amount of $300,000, on behalf of Matrix, to Rushdene, for consulting services allegedly provided to Rushdene by Mr. Brown Sr. and Mr. Brown Jr.

34. On December 8, 2004, nominees and agents of Mr. Brown Sr. and Mr. Brown Jr. signed account opening documents for an account in the name of Beeston Limited that was maintained at UBS in Switzerland with an account number ending 1167 ("the Beeston Account").

35. The Beeston nominees of Mr. Brown Sr. and Mr. Brown Jr. identified Mr. Brown Sr. and Mr. Brown Jr. as the beneficial owners of the Beeston Account on account opening documents that the nominees signed and provided to UBS.

36. On October 18, 2006, nominees and agents of Mr. Brown Sr., Mr. Brown Jr., and Ms. Brown signed account opening documents for an account in the name of Rushdene Limited that was maintained at UBS in Zurich, Switzerland with an account number ending in 9921 ("the Rushdene account").

37. The Rushdene nominees of the Browns identified Mr. Brown Sr., Mr. Brown Jr., and Ms. Brown as the beneficial owners of the Rushdene account on account opening documents that the nominees signed and provided to UBS.

38. Mr. Brown Jr. provided instructions to the nominees and agents of the Brown family throughout the period of 2005 through 2009 on how transactions involving both Beeston and Rushdene, including management of the Rushdene account and the Beeston account at UBS, should be structured through e-mail and letters.

39. Mr. Brown Jr. engaged in communications with nominee representatives of Rushdene and Beeston throughout the period of 2005 through 2009 regarding,

amongst other topics, wire transfers to and from the Rushdene and Beeston accounts at UBS, investment orders involving the funds within the Rushdene and Beeston accounts, invoices and purchase orders from Esteban Café and its subsidiaries and dividends and commissions to be paid to Rushdene and Beeston through the Rushdene and Beeston accounts at UBS.

## History of FBAR Filings

40. For all years 2007 and prior, Mr. Brown Jr. filed no FBAR reports.

41. For the year 2008, Mr. Brown Jr. timely filed an FBAR report on April 20, 2009 reporting his interest in a bank account held in his own name in El Salvador with a reported maximum balance of $25,000.

42. For the year 2008, Mr. Brown Jr. also late-filed an FBAR report on April 15, 2011 reporting his interests in 12 additional bank accounts located in El Salvador, Nicaragua, and Panama that were held in the name of Aluminio De Centro America, SA DE CV ("Aldeca"), with reported maximum balances that ranged from $10,150 to $1,013,750.

43. For the year 2009, Mr. Brown Jr. timely filed an FBAR report on April 19, 2010 reporting his interest in a bank account held in his own name in El Salvador with a reported maximum balance of $23,000.

44. For the year 2009, Mr. Brown Jr. also late-filed an FBAR report on April 15, 2011 reporting his interests, as the President of Aldeca, in 10 additional bank accounts located in El Salvador, Nicaragua, and Panama that were held in the

name of Aldeca, with reported maximum balances that ranged from $20,963 to $1,873,220.

**Claim for Relief: Judgment for Civil Penalty (31 U.S.C. § 5321(a)(5))**

*Liability for the Civil Penalty for 2008*

45. The United States incorporates the allegations in paragraphs 1 through 44 as if fully set forth herein.

46. Throughout calendar year 2008, Mr. Brown Jr. was a United States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24.

47. During calendar year 2008, the aggregate maximum account balance in the Rushdene and Beeston accounts maintained at UBS exceeded $1,100,000 and $2,600,000, respectively.

48. Both the Rushdene and Beeston accounts identified above were bank accounts in a foreign country.

49. Prior to and throughout calendar year 2008, Mr. Brown Jr. had beneficial ownership interests in both the Rushdene and Beeston accounts and exercised control over deposits, withdrawals, and investment decisions in the accounts, within the meaning of 31 C.F.R. § 103.24.

50. Prior to and throughout calendar year 2008, Mr. Brown Jr. was aware of and exercised his authority over both the Rushdene and Beeston accounts.

51. Prior to and throughout calendar year 2008, Mr. Brown Jr. was aware of the complex ownership, trust, sale, and consulting agreements and structures set up to

nominally hold ownership of both the Rushdene and Beeston accounts as a way of disguising true ownership of the accounts.

52. Mr. Brown Jr. intentionally failed to disclose to his federal income tax return preparer the existence of the Rushdene and Beeston accounts, his beneficial interest therein, his effective control over transactions therein, and both the income deposited into and the income earned within said accounts prior to the filing of his 2008 U.S. federal income tax return.

53. Mr. Brown Jr. signed his 2008 U.S. federal income tax return under penalties of perjury and failed to report the existence of and any income from both the Rushdene and Beeston accounts.

54. Mr. Brown Jr. did not file an FBAR report for 2008 that disclosed his interest in either the Rushdene or Beeston accounts despite being required to do so by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

55. Mr. Brown Jr. had actual or constructive knowledge of his obligation to report both the Rushdene and Beeston accounts on an FBAR report for 2008 as demonstrated by, amongst other facts, his reporting of other accounts for the same year on FBAR reports.

56. The failure of Mr. Brown Jr. to timely report both the Rushdene and Beeston accounts on an FBAR for the 2008 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Liability for the Civil Penalty for 2009*

57. The United States incorporates the allegations in paragraphs 1 through 56 as if fully set forth herein.

Complaint
(Case No. )

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

58. Throughout calendar year 2009, Mr. Brown Jr. was a United States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24.

59. During calendar year 2009, the aggregate maximum account balance in the Rushdene and Beeston accounts maintained at UBS exceeded $900,000 and $2,200,000, respectively.

60. Both the Rushdene and Beeston accounts identified above were bank account in a foreign country.

61. Prior to and throughout calendar year 2009, Mr. Brown Jr. had beneficial ownership interests in both the Rushdene and Beeston accounts and exercised control over deposits, withdrawals, and investment decisions in the accounts, within the meaning of 31 C.F.R. § 103.24.

62. Prior to and throughout calendar year 2009, Mr. Brown Jr. was aware of and exercised his authority over the Rushdene and Beeston accounts.

63. Prior to and throughout calendar year 2009, Mr. Brown Jr. was aware of the complex ownership, trust, sale, and consulting agreements and structures set up to nominally hold ownership of the Rushdene and Beeston accounts as a way of disguising true ownership of the accounts.

64. Mr. Brown Jr. intentionally failed to disclose to his federal income tax return preparer the existence of the Rushdene and Beeston accounts, his beneficial interest therein, his effective control over transactions therein, and both the income deposited into and the income earned within said accounts prior to the filing of his 2009 U.S. federal income tax return.

65. Mr. Brown Jr. signed his 2009 U.S. federal income tax return under penalties of perjury and failed to report the existence of and any income from the Rushdene and Beeston accounts.

66. Mr. Brown Jr. did not filed an FBAR report for 2009 that disclosed his interest in either the Rushdene or Beeston accounts despite being required to do so by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

67. Mr. Brown Jr. had actual or constructive knowledge of his obligation to report both the Rushdene and Beeston accounts on an FBAR report for 2009 as demonstrated by, amongst other facts, his reporting of other accounts for the same year on FBAR reports.

68. The failure of Mr. Brown Jr. to timely report the Rushdene and Beeston accounts on an FBAR for the 2009 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalty for 2008 and 2009*

69. On June 23, 2016, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i) and within 6 years of the failure of Mr. Brown Jr. to timely report the Rushdene and Beeston accounts on a 2008 FBAR plus an extension of the time to assess that was consented to, in writing, by Mr. Brown Jr.. on March 31, 2015, a delegate of the Secretary of the Treasury assessed a civil penalty against Mr. Brown Jr., in the amount of $105,633.40, due to the willful failure of Mr. Brown Jr. to disclose the Rushdene and Beeston accounts identified above ("2008 FBAR Penalty").

70. On June 23, 2016, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i) and within 6 years of the failure of Mr. Brown Jr. to timely report the Rushdene and Beeston

Complaint
(Case No. )

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

accounts on a 2009 FBAR, a delegate of the Secretary of the Treasury assessed a civil penalty against Mr. Brown Jr., in the amount of $86,427.30, due to the willful failure of Mr. Brown Jr. to disclose the Rushdene and Beeston accounts identified above ("2009 FBAR Penalty").

71. A delegate of the Secretary of the Treasury sent Mr. Brown Jr. notice of the assessment of the 2008 FBAR Penalty and the 2009 FBAR Penalty and demand for payment.

*Additional Amounts Due and Owing to the United States*

72. In addition to the assessed 2008 FBAR Penalty and 2009 FBAR Penalty, Mr. Brown Jr. owes a late-payment penalty pursuant to 31 U.S.C. § 3717(c)(2) and 31 C.F.R. § 5.5(a) in the amount of $22,573.71, as of June 8, 2018.

73. In addition to the 2008 FBAR Penalty, the 2009 FBAR Penalty, and the late-payment penalty described in the previous paragraph, Mr. Brown Jr. owes accrued interest in the amount of $3,762.28 as of June 8, 2018.

74. Mr. Brown Jr. is liable to the United States of America for the 2008 FBAR Penalty, the 2009 FBAR Penalty, as well as associated penalties and interest, in the total amount of $218,396.69 as of June 8, 2018, plus statutory accruals from that date until the liability is paid in full.

WHEREFORE, the plaintiff United States of America demands that this Court:

(a) Enter judgment in favor of the plaintiff United States of America and against the defendant, for the FBAR penalties assessed against Stephen Thomas Brown, Jr. with regard to the 2008 and 2009 reporting periods, as well as associated penalties and

Complaint
(Case No. )

13

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

interest, in the total amount of $218,396.69 as of June 8, 2018, plus statutory accruals from that date until fully paid; and,

(b) Award the United States of America its costs, and such further relief as the Court deems just and proper.

Dated:  June 20, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


/s/  Paul T. Butler
PAUL T. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-514-1170 (v)
202-307-0054 (f)
Paul.T.Butler@usdoj.gov


Of Counsel:
BOB TROYER
United States Attorney

Complaint
(Case No. )

14

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170